## DUELL v. DUELL.
### Civ. A. No. 16301.

District Court of the United States for the District of Columbia.

July 15, 1947.

C. F. Rothenburg, and Joseph G. Dondero, both of Washington, D. C., for plaintiff.

Harry L. Ryan, Jr. (of Whiteford, Hart, Carmody & Wilson), of Washington, D. C., for defendant.

PINE, Justice.

This is a motion to vacate the Findings of Fact, Conclusions of Law, and judgment entered herein, and to grant a new trial. As grounds for this motion, defendant's counsel contends that the action of the Court in ordering defendant's answer stricken from the record and proceeding with the case as one of default was invalid.

Pursuant to Federal Rules of Civil Procedure, rule 53, 28 U.S.C.A. following section 723c, this case was referred to the Court's Auditor to take testimony and report certain facts material to the issues hereof. Subsequently the Auditor calendared this case for hearing on numerous occasions, but because of the continued absence of the defendant from the jurisdiction, the plaintiff was unable to proceed and the Auditor returned the order of reference unexecuted. Thereafter plaintiff moved that defendant be ordered to appear before the Auditor on a day certain to be further examined and to produce certain documents, or be held in contempt. On November 9, 1945, this Court granted her motion and ordered that defendant personally appear on a day or days to be fixed by the Auditor, to be further examined in order that the Auditor may execute the first court order of reference, and that the defendant submit ·to the Auditor whatever records, documents, or other data were deemed necessary by the Auditor to execute such court order. The proceedings were thereupon calendared for hearing before the Auditor on February 20, 1946, pursuant to a stipulation between counsel for both parties fixing this date, but the defendant failed to appear.

The plaintiff moved to adjudge defendant guilty of contempt because of his failure to comply with the orders of the Court, and to appear at the hearing before the Auditor. This Court granted the motion and adjudged defendant to be in contempt because of his failure to obey the order of the Court of November 9, 1945, and directed the marshal to take him into custody and commit him to the Washington Asylum and Jail for a period of 30 days or until such earlier time as he should purge himself of his contempt. This order of adjudication in contempt remains unexecuted.

When this case came on for trial, defendant was not personally present in court, although represented by counsel, and had not purged himself of his contempt, whereupon the Court ordered his answer stricken from the record and proceeded with the case as by default. This is the action which the defendant attacks as invalid.

Rule 53, Federal Rules of Civil Procedure, makes provision for proceedings before Masters, which term expressly includes Auditors. It provides that if, without adequate excuse, a witness fails to appear or give evidence before an Auditor, he may be punished as for a contempt and be subjected to the consequences, penalties, and remedies provided in Rules 37 and 45, Federal Rules of Civil Procedure Rule 37 gives the Court authority to make such orders as are just, among others an order striking out pleadings and rendering a judgment by default against the disobedient party.

Moreover, 28 U.S.C.A. § 636 provides that courts of the United States may, on motion and due notice, require parties to produce books or writings in their possession containing evidence pertinent to the issue, and that if a defendant fails to comply with such order, the Court may, on motion, give judgment against him by default. This procedure has been sustained in Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530, 15 Ann.Cas. 645.

Accordingly, defendant's contention that the court's action is invalid appears to be without merit, and his motion will be denied.